# CASES DETERMINED

IN THE

# SUPREME COURT OF NEBRASKA

AT

## SEPTEMBER TERM, 1904.

---

### JOHN D. SMITH ET AL. V. STATE OF NEBRASKA.

FILED SEPTEMBER 22, 1904. No. 13,657.

1. **Information.** In charging the commission of an offense in an information, it is not necessary that the exact words of the statute be used, provided the words employed are the equivalents in meaning of those contained in the statute. *Whitman v. State,* 17 Neb. 224.

2. ———: **SUFFICIENCY.** The court will give the words used in the information their ordinary and commonly accepted meaning, and, when viewed in this light, if the words employed mean the same thing as those found in the language of the statute denouncing the offense, the information will be upheld.

3. ———: ———. Whether allegations in an information charging an assault and an attempt to commit a robbery include the essential element of a felonious intent to rob, *quære*.

4. ———: ———. The allegations of the information set out in the opinion *held* sufficient to charge an assault with intent to commit a robbery, and to support a judgment of conviction of such an offense.

ERROR to the district court for Douglas county: IRVING F. BAXTER, JUDGE. *Affirmed.*

*Martin Langdon* and *Dan J. Riley,* for plaintiffs in error.

*Frank N. Prout, Attorney General,* and *Norris Brown, contra.*

(845)

HOLCOMB, C. J.

Plaintiffs in error, defendants in the court below, were informed against and convicted of the offense of an assault with the intent to commit a robbery. The sufficiency of the information to support a judgment of conviction is challenged on the ground that the intent with which the assault was committed is not sufficiently and specifically charged in the information. The charging portion of the information is "that on the 22d day of September, in the year of our Lord nineteen hundred and three, John D. Smith and James Gaughan, late of the county of Douglas aforesaid, in the county of Douglas and state of Nebraska aforesaid, then and there being, then and there in and upon one Henry Herman unlawfully, feloniously, forcibly, and by violence did make an assault, and then and there with menaces, forcibly and with violence, feloniously did attempt to take from the person of the said Henry Herman, and against his will, thirty-five cents (35-100) in money, of the value of thirty-five cents (35-100), the personal property of the said Henry Herman, with the intent of them, the said John D. Smith and James Gaughan, then and there feloniously, forcibly and violently from the person of him, the said Henry Herman, against his will to steal, take and carry away said property; contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the state of Nebraska." It is argued that the gist of the offense sought to be charged consists in the intent with which the assault was committed; that such intent must be distinctly alleged and proved and that there is no intent whatever alleged as to the assault charged in the information in the case at bar. It is urged that the latter clause wherein it is charged after the alleged attempt at robbery that it was with the intent of the defendants "then and there feloniously, forcibly, and violently from the person of him the said Henry Herman, against his will to steal, take and

carry away said property" has no connection with the alleged assault, and that such intent as therein alleged cannot refer back and show the intent with which the alleged assault was committed. It is the well settled doctrine in this state, that in charging the commission of an offense in an indictment or information it is not necessary that the exact words of the statute be used, provided the words employed are the equivalents in meaning of those contained in the statute. *Whitman v. State,* 17 Neb. 224; *Kirk v. Bowling,* 20 Neb. 263; *Hodgkins v. State,* 36 Neb. 160; *Wagner v. State,* 43 Neb. 1; *Bartley v. State,* 53 Neb. 310; *Carrall v. State,* 53 Neb. 431. Section 14 of the criminal code provides that, if any person shall assault another with intent to commit a robbery, every person so offending shall be imprisoned, etc. It is clear that the gravamen of the offense sought to be charged in the information in the case at bar is the intent of the accused to commit a robbery; that this intent is the very essence of the crime and must be charged explicitly. The allegation of intent cannot be aided by intendments. *O'Connor v. State,* 46 Neb. 165; *State v. Hughes,* 38 Neb. 366; *Smith v. State,* 21 Neb. 552. It is, however, the duty of the court to give the words used in the information the ordinary and commonly accepted meaning, and, when viewed in this light, if the words employed mean the same thing as those found in the language of the statute denouncing the offense, then the information should be sustained.

It is insisted by the state the allegation that the defendants, at the time of the assault, attempted with menaces, forcibly, and with violence to take from the person therein mentioned, the money described, is in and of itself sufficient to charge an assault with intent to commit a robbery. The word attempt, it is argued, is broader and more comprehensive than the word intent and includes within its meaning the latter term; that in charging the attempt to take from the person named, forcibly and with violence, the property mentioned, it is charged that the defendants not only intended to commit a robbery but

also went further and endeavored to carry out and to execute the intent. Authority entitled to weight and respectful consideration is not found wanting in support of this view as to the force and effect of the allegation of an attempt to commit a robbery found in the information. In Bishop, Criminal Procedure, sec. 80, the author, quoting an expression found in an opinion of the supreme court of Alabama (*Prince v. State,* 35 Ala. 367), says:

"It seems impossible to doubt that the only distinction between an *intent* and an *attempt* to do a thing, is, that the former implies the purpose only, while the latter implies both the purpose and an actual effort to carry that purpose into execution"; and it is then observed by Mr. Bishop: "Since, therefore, the word 'attempt' embraces the full meaning of 'intent,' with something more, it is not impossible the courts may hereafter hold it to be an admissible substitute in an indictment." The text in the authority quoted from is fully supported and borne out by the decisions of the court of criminal appeals of Texas, in *Atkinson v. State,* 34 Tex. Cr. App. 424, 30 S. W. 1064; *Runnells v. State,* 34 Tex. Cr. App. 431, 30 S. W. 1065. We prefer, however, not to rest our conclusion as to the sufficiency of the information in the case at bar on the construction of the allegation of attempted robbery to which we have adverted, but rather to hold to the view that the allegation of an assault with the intent to commit a robbery is sufficiently explicit and distinct in other language found in the information. A fair interpretation of the language used justifies the view that the averments found in the information charge that on the 22d of September in the year stated, and in the county and state mentioned, the defendants made an unlawful assault on the person of Henry Herman and that they then and there —that is, at the same time and place, and necessarily as a part of the same transaction—with menaces, forcibly and with violence, and feloniously attempted to take from the person of the said Herman against his will 35 cents, being the personal property of the said Herman, with the intent

then and there—that is, at the same time and place, and as a part of the same transaction—feloniously, forcibly and violently and against his will to take from the person of the said Herman and to steal and carry away said property. The assault, the attempt to rob, and the alleged intent to commit a robbery, are manifestly joined together as one transaction and involve an act or a series of acts with the felonious intent accompanying the same, all of which are connected and relate to the one transaction charged and complained of in the information. The acts charged and the evil intent as alleged combine and in point of time concur, and this in law charges the crime of an assault with intent to commit a robbery. The alleged attempt to commit the robbery, as charged, manifestly, under a familiar rule of law includes the lesser offense, to wit, the assault; and the conclusion, therefore, is fairly warrantable that the acts charged, that is, the attempt to commit a robbery, including the assault, were with the intent, as alleged, to by force and violence take from the person mentioned the money described, and this would constitute, if accomplished, the crime of robbery. The assault is undoubtedly specifically charged, and that it was with the intent to commit a robbery is as clearly inferable from a consideration of the language used in the charging part of the information as that an unlawful assault is properly alleged. The conclusion proper to be drawn from the allegations of the information is, that the defendants are distinctly charged with an assault with the intent to commit a robbery, and that it is sufficient to support the judgment of conviction pronounced against them.

It is further urged that the information is vulnerable to the objection of insufficiency in that it does not charge that the intended robbery was to be accomplished by violence but only with violence; that the words as used mean nothing more than that the act contemplated and complained of was to be accompanied with violence but not accomplished by violence, which it is said are not at all the same. The reasoning urged in support of this objection is quite

ingenious but not convincing. Giving the words used their ordinary meaning, the only inference to be drawn therefrom is that the defendants made an unlawful assault with the intent to by force and violence commit a robbery. What is alleged is that the defendants intended to commit the crime of robbery in making the assault charged and that the instrumentalities to be used to accomplish the crime were force and violence to be exerted toward or against the person assaulted. The line of reasoning urged is altogether too subtle for practical purposes and its adoption would render the court's administration the means for escaping justice rather than for the promotion and enforcement of it.

The information being sufficient to support the judgment of conviction, the same should be affirmed, which is accordingly done.

AFFIRMED.