G. Cirul v. The State.

No. 4872.   Decided February 6, 1918.

**1.—Assault to Rape—Aggravated Assault—Indictment.**

Where, upon trial of assault to rape and a conviction of aggravated assault, the indictment charged an attempt to ravish and have carnal knowledge, etc., of the said female, the same was sufficient to charge an assault with intent to rape. As the distinction between an intent and an attempt to do a thing is that the former implies purpose only, while the latter implies both the purpose and an actual effort to carry that purpose into execution. Following Taylor v. State, 44 Texas Crim. Rep., 153, and other cases.

**2.—Same—Degrees of Offense—Assault to Rape—Aggravated Assault.**

An assault with intent to rape includes all degrees of assault of the same nature, and where the defendant was charged with assault to rape he could be convicted thereunder for aggravated assault. Following Lofton v. State, 59 Texas Crim. Rep., 270, and other cases.

**3.—Same—Indictment—Allegation—Degrees of Offense—Adult Male.**

It being true that the defendant may be convicted of aggravated assault under indictment of assault with intent to rape, it necessarily follows that the manner or means used to commit the lesser ·degree of the offense need not be alleged, and there was no error in the court's charge in submitting the offense of aggravated assault to instruct the jury that when the instrument or means used are such as to inflict disgrace upon the person assaulted, such as the in-decent fondling of a female child, etc., constituted aggravated assault, and it was not necessary that the indictment should allege that defendant was an adult male. Following Slawson v. State, 39 Texas Crim. Rep., 176, and other cases.

Appeal from the Criminal District Court of Harris. Tried below before the Hon. C. W. Robinson.

Appeal from a conviction of aggravated assault; penalty, fine of five hundred dollars, and two years confinement in the county jail.

The opinion states the case.

*Guynes & Colgin,* for appellant.—On question of aggravated assault: Young v. State, 7 Texas Crim. App., 75; Fondren v. State, 16 id., 48; Acrey v. State, 51 Texas Crim. Rep., 35; Atkinson v. State, 62 id., 419.

*E. B. Hendricks,* Assistant Attorney General, *John H. Crooker,* District Attorney, *H. H. Cooper,* Assistant District Attorney, for the State.—On question of different degrees of offense: Ward v. State, 68 Texas Crim. Rep., 154, 151 S. W. Rep., 1073; and cases cited in opinion.

On question of sufficiency of the evidence: Pilcher v. State, 32 Texas Crim. Rep., 557; Duke v. State, 35 id., 283; Johnson v. State, 59 id., 263.

PRENDERGAST, JUDGE.—Appellant was convicted of an aggravated assault. The indictment was in two counts. After the formal allegations the first averred that on September 5, 1917, appellant, "in and upon Mary Checkle, a female, then and there under the age of fifteen years, other than the wife of the said G. Cirul, did make an assault and did then and there attempt to ravish and have carnal knowledge of the said Mary Checkle." The second alleged that on said date G. Cirul "did by force, threats, and fraud, attempt to ravish and have carnal knowledge of Mary Checkle, a female, then and there under the age of fifteen years, the said female not being then and there the wife of the said G. Cirul."

In Taylor v. State, 44 Texas Crim. Rep., 153, the indictment therein alleged that said Taylor did "make an assault in and upon the person of one Pearl Neylond, a female under the age of fifteen years, and not being the wife of him, the said Gus Taylor, did then and there attempt to ravish and have carnal knowledge of the said Pearl Neylond." This court, in an opinion by Presiding Judge Davidson, expressly held that that indictment was "sufficient to charge an assault with intent to commit rape. The use of the word 'attempt' is equivalent to charging an

intent. 4 Texas Crim. App., 574; 7 Texas Crim. App., 342; 30 S. W. Rep., 1064; 38 Texas, 383" . . . and "under the authorities above it sufficiently charges an assault with intent to commit rape."

In Runnels v. State, 34 Texas Crim. Rep., 431, the indictment therein alleged that said Runnels did "in and upon Maud Hazen make an assault and did then and there by said assault and by violence upon said Maud Hazen, and by putting Maud Hazen in fear of life and bodily injury, attempt to fraudulently take from the person and possession of said Maud Hazen, without her consent" certain property and appropriate it to his own use, etc. The court, through Judge Davidson in that case, said that it was claimed the indictment was invalid "because it was not alleged that the assault was committed with intent to commit robbery," and held as follows: " 'Attempt,' used in the indictment, sufficiently charges 'intent' in setting out the offense of assault with intent to commit robbery," and cited some authorities.

In Atkinson v. State, 34 Texas Crim. Rep., 424, the indictment charged that appellant therein did make an assault, etc., upon one Knox, and by putting him in fear of life and bodily injury "did attempt to fraudulently take from the person and possession of the said S. D. Knox, certain personal property," etc. The same contention in substance was made therein as in said Runnels case, but it was held that the word "attempt" therein embraced the same as the word "intent" and that the indictment therein was good in charging an assault with intent to rob, citing several cases. In 1 Words and Phrases, second series, page 358, it is said: "The word 'attempt' is more comprehensive than the word 'intent,' implying both the purpose and an actual effort to carry that purpose into execution. In crimes which require force as an element in their commission, there is no substantial difference between an assault with intent, and an assault with attempt, to perpetrate the offense. Smith v. State, 55 S. E. Rep., 475, 126 Ga., 544 (quoting and adopting the definition in Johnson v. State, 14 Ga., 55; 2 Bish. New Cr. Proc. (4th ed.), *80).

"The only distinction between an 'intent' and an 'attempt' to do a thing is that the former implies purpose only, while the latter implies both the purpose and an actual effort to carry that purpose into execution; and, since the word 'attempt' embraces the full meaning of 'intent' with something more, it is not impossible that the courts may hold it to be an admissible substitute in an indictment. Smith v. State, 100 N. W. Rep., 806, 807, 72 Neb., 345 (citing 2 Bish. Cr. Proc., *80); Atkinson v. State, 34 Texas Crim. Rep., 424, 30 S. W. Rep., 1064; Runnels v. State, 34 Texas Crim. Rep., 431, 30 S. W. Rep., 1065."

Unquestionably, under these authorities, the first count properly charged an assault with intent to rape.

The statute (article 771, Code of Criminal Procedure), provides that "where a prosecution is for an offense consisting of different degrees, the jury may find the defendant not guilty of the higher, but guilty of

any degree inferior to that charged in the indictment." The next article provides that "the following offenses include different degrees: " . 2 An assault with intent to commit any felony, which includes all assaults of an inferior degree."

Article 837, subdivision 9, Code of Criminal Procedure, provides that a verdict is not contrary to the law and evidence where the defendant is found guilty of an offense of inferior grade to, but of the same nature as, the offense proved.

Under these statutes it has been repeatedly held by this court that an indictment for an assault with intent to rape includes all degrees of assault of the same nature: Kearse v. State, 88 S. W. Rep., 363; Knight v. State, 48 Texas Crim. Rep., 41, 85 S. W. Rep., 1067; Ward v. State, 68 Texas Crim. Rep., 154. See also Bittick v. State, 40 Texas Crim. Rep., 120; Davis v. State, 20 Texas Crim. App., 302; Loftin v. State, 59 Texas Crim. Rep., 270.

In Loftin v. State, 59 Texas Crim. Rep., 270, the contention therein was that as the indictment did not allege that the assault was made by an adult male upon a female that the court was not authorized to submit that issue to the jury. The court held: "Under our code an assault with intent to murder includes all lesser degrees of personal violence and under an indictment for assault with intent to murder the court in submitting aggravated assault to the jury is authorized to submit to the jury either ground of the statute that constitues aggravated assault that may be developed by the testimony directly growing out of the assault charged. See Peterson v. State, 12 Texas Crim. App., 650; Davis v. State, 20 Texas Crim. App., 302."

This being true, it would necessarily follow that the manner or means used to commit the lesser degree of the offense need not be alleged. This conviction was had under article 1022, subdivision 6, of the Penal Code, which prescribes that an assault and battery becomes aggravated when committed under any of the following circumstances: when the instrument or means used is such as inflicts disgrace upon the person assaulted, as an assault and battery with a whip or cowhide. Under this, this court expressly held that by naming a whip or cowhide it was not intended to limit the assault by the character of instrument with which it was made; that they were merely illustrative, and that under said subdivision of said article any other means which inflicts disgrace is within the meaning of the statute. And in that case the fondling of the private parts of a female and the insertion of the appellant's finger in her vagina was held an aggravated assault (Slawson v. State, 39 Texas Crim. Rep., 176; Caples v. State, 69 Texas Crim. Rep., 394, 155 S. W. Rep., 267); and it was also held that the allegations in that indictment did not bring it under subdivision 5 of said article, but under said subdivision 6, citing authorities. In this connection, see also Robertson v. State, 30 Texas Crim. App., 498, and cases cited.

Therefore, the appellant's objection to the court's charge wherein he

submitted the offense of aggravated assault when. the instrument or means used was such as to inflict disgrace upon the person assaulted, such as the indecent fondling of the private parts of a female child by a man, because the indictment did not allege that he was an adult male, can not be sustained.    The statute and the decisions establish the reverse of the contention as true.

The proof in this case shows a most aggravated assault and battery by appellant, a man, thirty-one years of age, on a little girl seven and one-half years old, by fondling her private parts and inserting his fingers in her vagina and violently disrupting her hymen.

The judgment is affirmed.

*Affirmed.*