IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-93-075-CR





KEVIN GIBSON,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE




 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT



NO. 0926326, HONORABLE BOB PERKINS, JUDGE PRESIDING



 





 A jury convicted appellant of burglary by entering a habitation and attempting to
commit theft. Tex. Penal Code Ann. § 30.02(a)(3) (West 1989). The jury assessed punishment,
enhanced by two prior felony convictions, at confinement for sixty years. Appellant asserts that
the evidence is not sufficient to sustain his conviction. We agree; the judgment will be reversed.

 Norma Resendez, having worked the night before, was awakened about 10:30 a.m.
by the ringing of her door bell and banging on the front door. She remained out of sight as she
watched appellant and his companion peering through her living room and bedroom windows. 
Frightened, she called 911, and the emergency dispatcher told her to remain on the line. She
continued to watch the appellant and his companion as they attempted to remove the window
screens. She saw appellant drive his fist through a glass pane of one of the bedroom windows. 
Appellant then reached into the room to unlatch the window lock. Mrs. Resendez hollered: 
"What do you want?" Appellant made no reply and he and his companion fled. They were
stopped and returned to the Resendez house by officers responding to the burglary-in-progress
call. Mrs. Resendez identified appellant at the scene and at trial as the man who broke the
window pane and reached for the window lock.

 The State alleged in the indictment that appellant knowingly and intentionally
entered "a habitation without the effective consent of Norma Resendez, the owner, and therein
attempted to commit and committed theft." It was conceded at the trial that there was no evidence
that appellant committed theft after his burglarious entry, therefore, the jury was instructed that
to find appellant guilty, it must find beyond a reasonable doubt that appellant entered "a habitation
without the effective consent of Norma Resendez, the owner, and therein attempted to commit
theft." The jury was also instructed on the statutory definition of "attempt." Tex. Penal Code
Ann. § 15.01(a) (West Supp. 1994).

 The State declares that the only issue raised is whether the State presented sufficient
evidence for the jury to find that appellant attempted to commit theft, since there is no question
appellant made a burglarious entry. Counsel on appeal in oral argument alluded to the dearth of
case law concerned with the sufficiency of evidence necessary to sustain a conviction for
attempted theft. This lack of authority is understandable, since attempted theft was not a criminal
offense in this State before the Texas Penal Code of 1974. See Senter v. State, 411 S.W.2d 742,
744 (Tex. Crim. App. 1967). Before 1974, there were a number of special attempt statutes
relating to specific offenses, for example, rape (Art. 1190, Tex. Crim. Stat. 1925), burglary (Art.
1402, Tex. Crim. Stat. 1925), and theft from the person (Art. 1439, Tex. Crim. Stat. 1925).

 The Penal Code of 1974 included a general attempt statute which applies to all
criminal offenses defined by the Penal Code. Tex. Penal Code Ann. § 15.01 (West Supp. 1994). 
This is a difficult statute to apply. See Seth S. Searcy & James R. Patterson, Practice
Commentary, Tex. Penal Code Ann. § 15.01 (West 1974). Section 15.01(a) defines criminal
attempt as follows: "A person commits an offense if, with specific intent to commit an offense,
he does an act amounting to more than mere preparation that tends but fails to effect the
commission of the offense intended." An attempt implies both an intent and an active effort to
carry out and consummate the intent or purpose. Dovalina v. State, 564 S.W.2d 378, 380 (Tex.
Crim. App. 1978); Robinson v. State, 630 S.W.2d 394, 398 (Tex. App.--San Antonio 1982, pet.
ref'd). "Attempt" is more comprehensive than "intent," implying both a purpose and actual effort
to carry that purpose into execution. Cirul v. State, 200 S.W. 1088 (Tex. Crim. App. 1918). In
any attempted criminal offense, the sufficiency of the evidence must be determined on a case-by-case basis. Gibbons v. State, 634 S.W.2d 700, 707 (Tex. Crim. App. 1982); Sorce v. State, 736
S.W.2d 851, 857 (Tex. App.--Houston [14th Dist.] 1987, pet. ref'd). Conviction for an attempted
criminal offense does not require accomplishment of every act short of actual commission of the
offense. Gibbons, 634 S.W.2d at 706; Hackbarth v. State, 617 S.W.2d 944, 946 (Tex. Crim.
App. 1981).

 The State argues that appellant could have required the State, through a motion to
quash, to amend the indictment and specify, prior to trial, the name of the owner and the specific
items which were the object of the attempted theft. The State would then have had to prove those
things alleged. But without such a motion the State contends the indictment was sufficient and
proper, and the State urges that its proof thereof was satisfactory. The State further argues that
appellant should not be allowed, on appeal, to seek redress for that which he had the direct means
to address in pretrial, by means of a motion to quash. DeVaughn v. State, 749 S.W.2d 62 (Tex.
Crim. App. 1988). The issue in DeVaughn was not the sufficiency of the evidence but the
sufficiency of the pleading. The issue in this case is the sufficiency of the evidence. The State
incorrectly argues that appellant's waiver-of-pleading requirements lowers the State's burden of
proof. The State must, in spite of appellant's waiver of pleading requirements, prove that after
appellant's burglarious entry he attempted to steal property. 

 In DeVaughn, the Court of Criminal Appeals held that:



[I]n prosecutions for burglary under § 30.02(a)(3), supra, alleging the attempt to
commit theft and an actual completed theft, the State must, upon request therefor
through timely filed written motion to quash the indictment, provide a description
of the property allegedly stolen or attempted to be stolen, and also the name of the
owner, if known.



749 S.W.2d at 71. It follows from that holding that there cannot be an attempted theft unless
there is a particular, describable article of property which is the object of the attempted theft. 
Therefore, in proving the offense of attempted theft, the State must prove that an accused had a
specific intent to steal a particular article of property and that the accused engaged in an act which
amounted to more than mere preparation that tended to accomplish his intent to steal that
particular article of property.

 An accused, for example, enters a warehouse without the effective consent of the
owner with the intent to steal property which he believes is in the warehouse, but after entry he
finds the warehouse empty. The appellant would be guilty of burglary with intent to commit theft. 
Tex. Penal Code Ann. § 30.02(a)(1) (West 1989). On the other hand, the accused would not be
guilty of burglary of the warehouse by entering and attempting to commit theft therein,
Section 30.02(a)(3), because in the empty warehouse there was not a particular, describable article
of property for him to have a specific intent to steal. There being no particular, describable article
of property in the warehouse, it would be impossible for the accused to engage in an act
amounting to more than mere preparation that would tend to allow him to accomplish his intent.

 The record suggests another example which the trial judge and counsel discussed
while they were considering an instruction on the lesser included offense of attempted burglary. 
However, the lesser included offense of attempted burglary was not submitted to the jury. The
trial judge's example assumed that a vase or a pail of syrup had been within the appellant's reach
after he drove his hand through the window pane. For our example we will assume the same
facts. If the vase or pail of syrup were within appellant's reach after he drove his hand through
the window pane, and Mrs. Resendez had testified she saw him reach for the vase or pail of
syrup, the evidence would have been sufficient to prove an attempted theft of the vase or pail of
syrup. In reaching for the vase or pail of syrup, the appellant would have engaged in an act
amounting to more than mere preparation to effect the commission of the intended theft. The jury
could, in that hypothetical example, also infer from Mrs. Resendez's testimony that when
appellant reached for the vase or pail of syrup he had a specific intent to steal the vase or pail of
syrup.

 The State argues that when appellant reached for the inside lock and attempted to
unlock the window, that act was more than mere preparation. The State also argues that "the
defendant, by trying to open the window, showed his intent to enter the house and not merely to
damage the window." Although appellant's driving his fist through the window was sufficient to
show entry, it may be more reasonably inferred that he reached for the lock to open the window
so that he could crawl through the window. There is nothing to indicate appellant was attempting
to steal the window lock which was part of the house.

 Prosecution under section 30.02(a)(3) should be limited to circumstances in which
the State is unable to prove that an accused, at the time he entered the habitation or building, had
the intent to commit theft. See Seth S. Searcy III & James R. Patterson, Practice Commentary;
Tex. Penal Code Ann. § 30.02 (West 1989); DeVaughn, 749 S.W.2d at 65. In this case, the
evidence is amply sufficient to prove the offense of burglary with the intent to commit theft,
section 30.02(a)(1), but inexplicably appellant was not charged under that part of the statute.

 In reviewing the sufficiency of the evidence, the relevant question is whether, after
reviewing the evidence in the light most favorable to the State, any rational trier of fact could have
found the essential elements of the criminal offense beyond a reasonable doubt. Jackson v.
Virginia, 443 U.S. 307, 319 (1979); Moreno v. State, 755 S.W.2d 866, 867 (Tex. Crim. App.
1988). When the evidence in this case is viewed in the light most favorable to the State, a rational
trier of fact could not have found that appellant had a specific intent to steal a particular article
of property or that appellant engaged in an act which amounted to more than mere preparation to
accomplish his intent to steal a particular article of property. The evidence is wholly insufficient
to prove burglary of a habitation under § 30.02(a)(3), and the appellant must be acquitted. Burks
v. United States, 437 U.S. 1 (1978); Greene v. Massey, 437 U.S. 19 (1978); Windham v. State,
638 S.W.2d 486 (Tex. Crim. App. 1982).


 The judgment is reversed and reformed to reflect an acquittal.



 

 Carl E. F. Dally, Justice

Before Justices Powers, Kidd and Dally*

Reversed and Reformed

Filed: April 13, 1994

Do Not Publish





































* Before Carl E. F. Dally, Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1988).