ACCEPTED
12-15-00017-CR
TWELFTH COURT OF APPEALS
TYLER, TEXAS
10/5/2015 10:00:26 PM
Pam Estes
CLERK

CAUSE NUMBER 12-15-00017-CR

IN THE COURT OF APPEALS FOR THE

TWELFTH APPELLATE DISTRICT OF TEXAS

AT TYLER

RECEIVED IN
12th COURT OF APPEALS
TYLER, TEXAS

10/5/2015 10:00:26 PM

PAM ESTES
Clerk

FILED

10/5/2015

Twelfth Court of Appeals
Pam Estes
Clerk

ARTHUR JAMES WILLIAMS

VS.

THE STATE OF TEXAS

CAUSE NUMBER 31,592

IN THE 3RD JUDICIAL DISTRICT COURT

ANDERSON COUNTY, TEXAS

**APPELLANT'S BRIEF**

Colin D. McFall
Attorney at Law
513 North Church Street
Palestine, Texas 75801-2962
Telephone: 903-723-1923
Facsimile: 903-723-0269
Email: cmcfall@mcfall-law-office.com
Counsel for Appellant

# IDENTITY OF PARTIES AND COUNSEL

Pursuant to *Rule 38.1 (a)*, Texas Rules of Appellate Procedure, Appellant

provides a complete list of all parties and the names and addresses of Counsel:

Defendant:                        Arthur James Williams
                                  1200 East Lacy Street
                                  Palestine, Texas 75801

Defendant's Trial Counsel:        Colin D. McFall
                                  Attorney at Law
                                  513 North Church Street
                                  Palestine, Texas 75801-2962
                                  Telephone:  903-723-1923
                                  Facsimile:   903-723-0269

State's Trial Counsel:            Stanley Sokolowski
                                  First Assistant Criminal District Attorney
                                  Anderson County Courthouse
                                  500 North Church Street
                                  Palestine, Texas 75801
                                  Telephone:  903-723-7400
                                  Facsimile:   903-723-7818

Appellant: Arthur James Williams
Estelle Unit
264 F.M. 3478
Huntsville, Texas 77320-3320

Appellant's Counsel: Colin D. McFall
Attorney at Law
513 North Church Street
Palestine, Texas 75801-2962
Telephone: 903-723-1923
Facsimile: 903-723-0269

Appellee's Counsel: Allyson Mitchell
Criminal District Attorney
Anderson County Courthouse
500 North Church Street
Palestine, Texas 75801
Telephone: 903-723-7400
Facsimile: 903-723-7818

3.

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL..............................................................2

TABLE OF CONTENTS...........................................................…...4

INDEX OF AUTHORITIES.........................................................5

STATEMENT OF THE CASE.........................................................7

STATEMENT REGARDING ORAL ARGUMENT………….…………..……...8

ISSUES PRESENTED

    I.     THE EVIDENCE IS LEGALLY INSUFFICIENT TO SUPPORT A

         CONVICTION FOR BURGLARY OF A HABITATION...……..….9

STATEMENT OF FACTS.........................................................10

SUMMARY OF THE ARGUMENT…………….…...…………….….…......….12

ARGUMENT………………………….……...……………….………….....14

PRAYER...……..…….………...….……………….….…………….........19

CERTIFICATE OF COMPLIANCE………………………...….……….………20

CERTIFICATE OF SERVICE……………...…………………….…...............…21

10-05-2015

# INDEX OF AUTHORITIES

CASES                                                                    PAGE

FEDERAL

Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560

(1979)....................................................................14

TEXAS

Brooks v. State, 323 S.W.3d 893 (Tex.Crim.App.2010)..............14

Cirul v. State, 863 Tex.Crim. 8, 200 S.W. 1088, 1089 (1918)........17

De Vaughn v. State, 749 S.W.2d 62 (Tex.CrimApp.1988)...........17

Dovalina v. State, 564 S.W.2d 378, 380 (TexCrim.App.1978)........17

Gibbons v. State, 643 S.W.2d 700, 707 (Tex.Crim.App.1982)........17

Hooper v. State, 214 S.W.3d 9 (Tex.Crim.App.2007)...............14

Isassi v. State, 330 S.W.3d 633 (Tex.Crim.App.2010)...............15

Montgomery v. State, 369 S.W.3d 188 (Tex.Crim.App.2012)........15

RULES AND STATUTES                                      PAGE

TEXAS PENAL CODE

Section 15.01(a), Texas Penal Code.......................................17

Section 30.02(a), Texas Penal Code......................................15

Section 30.02(a) (1), Texas Penal Code..................................15

Section 30.02(a) (3), Texas Penal Code..................................16

TEXAS RULES OF APPELLATE PROCEDURE

Rule 9.4(i) (3), Texas Rules of Appellate Procedure.................20

Rule 38.1(a), Texas Rules of Appellate Procedure....................2

Rule 38.1(e), Texas Rules of Appellate Procedure....................8

le.

## STATEMENT OF THE CASE

On the 16th day of January 2014, an Anderson County Grand Jury returned a single count Indictment, charging Appellant, in two alternative means, with Burglary of a Habitation (C.R., Vol. 1, Pg. 6).

On the 4th day of November 2014, Appellant plead not guilty to a single count of Burglary of a Habitation (R.R., Vol. 3, Pg. 13, L. 21). Later that same day, the jury found Appellant guilty of the single count of Forgery. (R.R., Vol. 3, Pg. 140, L. 24).

On the 19th day of December 2014, the Court sentenced Appellant to thirty (30) years confinement in the Texas Department of Criminal Justice, Institutional Division. (R.R., Vol. 4, Pg. 39, L. 6).

# STATEMENT REGARDING ORAL ARGUMENT

Pursuant to *Rule 38.1 (e)*, Texas Rules of Appellate Procedure, Appellant

provides the following Statement Regarding Oral Argument

Appellant does not request Oral Argument.

## ISSUE PRESENTED

THE EVIDENCE IS LEGALLY INSUFFICIENT TO

SUPPORT A CONVICTION FOR BURGLARY OF A

HABITATION.

9.

## STATEMENT OF FACTS

JoAnn Morris (R.R., Vol. 3, Pg. 20, L. 12) and her husband (R.R., Vol. 3, Pg. 20, L. 24), Phillip Morris (R.R., Vol. 3, Pg. 21, L. 1), lived at 901 North Sycamore (R.R., Vol. 3, Pg. 20, L. 17), Anderson County (R.R., Vol. 3, Pg. 21, L. 24), Texas. (R.R., Vol. 3, Pg. 22, L. 1).

On the 28th day of June 2013 (R.R., Vol. 3, Pg. 41, L. 3) Officer Heavner (R.R., Vol. 3, Pg. 40, L. 11) responded to an alarm at 901 North Sycamore (R.R., Vol. 3, Pg. 41, L. 10). Officer Heavner approached the garage (R.R., Vol. 3, Pg. 41, L. 25), opened the garage door and saw Appellant inside the garage with tools in his hands. (R.R., Vol. 3, Pg. 42, L. 2) (R.R., Vol. 3, Pg. 43, L. 4). Officer Heavner pushed the door open, Appellant pushed back, and Officer Heavner kicked the door. (R.R., Vol. 3, Pg. 43, L. 4). Appellant and the tools fell to the ground (R.R., Vol. 3, Pg. 43, L. 6). Officer Heavner placed Appellant under arrest (R.R., Vol. 3, Pg. 44, L. 14).

At trial, Ms. Morris testified that Mr. Morris told her (R.R., Vol. 3, Pg. 27, L. 17) the scratches on the door (R.R., Vol. 3, Pg. 27, L. 14) were "pry marks." (R.R., Vol. 3, Pg. 32, L. 2). Ms. Morris also testified that the scratches on the door (R.R., Vol. 3, Pg. 27, L. 14) had not been on the door before (R.R., Vol. 3, Pg. 27, L. 20) (R.R., Vol. 3, Pg. 38, L. 7), although Ms. Morris admitted that she had never

10.

actually looked for marks on the door before. (R.R., Vol. 3, Pg. 38, L. 9). State's Exhibit 6 (R.R., Vol. 3, Pg. 31, L. 14), demonstrates the location of the "pry marks" (R.R., Vol. 3, Pg. 32, L. 2) (R.R., Vol. 3, Pg. 37, L. 21), below the color (R.R., Vol. 3, Pg. 32, L. 2), (R.R., Vol. 3, Pg. 32, L. 5), (R.R., Vol. 3, Pg. 32, L. 7), below the green marks. (R.R., Vol. 3, Pg. 37, L. 16), (R.R., Vol. 3, Pg. 37, L. 18). Much like the "pry marks," Ms. Morris had never noticed the green marks on the door before. (R.R., Vol. 3, Pg. 38, L. 14).

In contrast, Officer Heavner testified the "pry marks" were exhibited by State's Exhibit 4, below where the doorknob connects to the doorframe, where the paint is scuffed (R.R., Vol. 3, Pg. 47, L. 23) (R.R., Vol. 3, Pg. 57, L. 22), (R.R., Vol. 3, Pg. 58, L. 3) and were not pictured in State's Exhibit 6. (R.R., Vol. 3, Pg. 48, L. 5). Officer Heavner later testified that there was in fact "pry marks" in State's Exhibit 6 (R.R., Vol. 3, Pg. 55, L. 3), below the green marks (R.R., Vol. 3, Pg. 55, L. 6). Officer Heavner also testified there were "pry marks" in State's Exhibit 5. (R.R., Vol. 3, Pg. 57, L. 24) (R.R., Vol. 3, Pg. 28, L. 9).

Appellant testified that he entered the garage of Ms. Morris to hide from a group of individual who had just robbed and assaulted him (R.R., Vol. 3, Pg. 77, L. 12).

11.

## SUMMARY OF THE ARGUMENT

## THE EVIDENCE IS LEGALLY INSUFFICIENT TO SUPPORT A CONVICTION FOR BURGLARY OF A HABITATION.

The legal sufficiency standard is the only standard a reviewing Court should apply in determining whether the evidence is sufficient to support a guilty verdict. The critical inquiry is, in viewing the evidence in the light most favorable to the prosecution after a verdict of guilt, whether *any* rational jury could have found the essential elements of the crime beyond a reasonable doubt.

Each fact does not need to directly and independently point to the guilt of the Appellant as long as the cumulative force of all the incriminating circumstances is ultimately sufficient to support the conviction.

When performing a legal sufficiency review, Courts may not reevaluate the weight and credibility of the evidence and substitute their own judgment for that of the jury. When faced with record supporting contradictory inferences, we presume the jury resolved conflicts in favor of the verdict.

A person commits the offense of Burglary of a Habitation if, without the effective consent of the owner, the person enters a habitation, or a building (or any portion of a building) not then open to the public, with intent to commit theft or

enters a building or habitation and commits or attempts to commit theft.

## ARGUMENT

## THE EVIDENCE IS LEGALLY INSUFFICIENT TO SUPPORT A CONVICTION FOR BURGLARY OF A HABITATION.

The legal sufficiency standard is the only standard a reviewingCourt should apply in determining whether the evidence is sufficient to support a guilty verdict *Brooks v. State*, 323 S.W.3d 893, 912 (Tex.Crim.App.2010). Thecritical inquiry is, in viewing the evidence in the light most favorable to the prosecution after verdict of guilt, whether *any* rational jury could have found the essential elements of the crime beyond a reasonabledoubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979);*Brooks v. State*, 323 S.W.3d 893, 912 (Tex.Crim.App.2010) (Holding that all Texascriminal cases are only to be reviewed under the standard announced in*Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)

Each fact does not need to directly and independently point to the guilt of the Appellant as long asthe cumulative force of all the incriminating circumstances is ultimately sufficient to support theconviction. Circumstantial evidenceis equally as probative as direct evidence in establishing guilt, and circumstantial evidence alone can be sufficient to support aconviction. *Hooper v. State*, 214 S.W.3d 9, 13

14.

(Tex.Crim.App.2007).

When performing a legal sufficiency review, Courts may not reevaluate the weight and credibility of the evidence and substitute their own judgment for that of the jury. *Montgomery v. State,* 369 S.W.3d 188, 192 (Tex.Crim.App.2012); see also *Isassi v. State,* 330 S.W.3d 633, 638 (Tex.Crim.App.2010) ("[O]ur role is not to become a thirteenth juror."). When faced with record supporting contradictory inferences, we presume the jury resolved conflicts in favor of the verdict. *Montgomery v. State,* 369 S.W.3d 188, 192 (Tex.Crim.App.2012)

A person commits the offense of Burglary of a Habitation if, without the effective consent of the owner, the person enters a habitation,or a building (or any portion of a building) not then open to the public, with intent to commit theft or enters a building or habitation and commits or attempts to ommit theft. See *Section 30.02(a)*, Texas Penal Code.

*Section 30.02(a) (1)*, Texas Penal Code

A person commits an offense if, without the effective consent of the owner, the person enters a habitation, or a building (or any portion of a building) not then open to the public, with intent to commit theft *Section 30.02(a) (1)*, Texas Penal Code.

The only evidence presented at trial thatarguably addressed Appellant's

15.

intent to commit theft, as he entered the habitation of Phillip Morris, on the 28th night of June 2013, is the conflicting testimony regarding the scratches or "pry marks". Ms. Morris identified different marks on the door than Officer Heavner identified as "pry marks". In fact, Ms. Morris did not recognize anything on the door as "pry marks", until her late husband informed her that there were "pry marks" on the door. However, Officer Heavner identified completely different marks on the door as "pry marks." Officer Heavner even denied some marks were "pry marks" until he was informed, that Ms. Morris had identified a completely different mark as a "pry mark." Even after reviewing the evidence in the light most favorable to the prosecution, no rational jury could have found the essential elements of Burglary of a Habitation beyond a reasonable doubt. The conflicting and dubious testimony regarding the timing, origin and causation of the marks on the door, fail to evidence that Appellant possessed an intent to commit theft, when he entered the garage of Mr. Morris. As a result, no rational jury could have found the essential elements of Burglary of a Habitation beyond a reasonable doubt.

*Section 30.02(a) (3), Texas Penal Code*

A person commits the offense if, without the effective consent of the owner, the person, enters a building or habitation and commits or attempts to commit theft *Section 30.02(a) (3), Texas Penal Code.*

16.

It is undisputed that no theft actually occurred. Therefore,Appellee must prove Appellant attempted to commit theft.

Criminal attempt is defined as follows: "A person commits an offense if, with specific intent to commit an offense, he does an act amouating to more than mere preparation that tends but fails to effect the commission of the offense intended." *Section 15.01(a)*, Texas Penal Code. An attempt implies both an intent and an active effort to carry out and consummate the intent or purpose*Dovalina v. State,* 564 S.W.2d 378, 380 (Tex.Crim.App.1978). "Attempt" is more comprehensive than "intent," implying both a purpose and actual effort to carry that purpose into execution. *Cirul v. State,* 83 Tex.Crim. 8, 200 S.W. 1088, 1089 (1918). In any attempted criminal offense, the sufficiency of the evidence must be determined on a case-by-case basis. *Gibbons v. State,* 634 S.W.2d 700, 707 (Tex.Crim.App.1982). Conviction for an attempted criminal offense does not require accomplishment of every act short of actual commission of the offense.*Id.* at 706. However, Appellant must prove that after appellant's burglarious entry he attempted to steal property. Therefore, under the holding in*De Vaughn v. State, 749 S.W.2d 62 (Tex.Crim.App.1988),* in proving the element of attempted theft, the State must prove that appellant had a specific intent to steal a particular article of property

17.

and that the accused engaged in anact that amounted to more than merepreparation that tended to accomplishhis intent to steal that particular article of property.

Appellant's possession of two tools in Appellants arms,while still inside the garage, amounts to nothing more thanmere preparation, and does not tend to accomplish an intent to steal. Mere preparation falls short ofattempt. Failing to prove attempt beyond a reasonable doubt, meansno rational jury could have found the essential elements ofBurglary of a Habitation.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Appellant prays the Appellate Court find the evidence is legally insufficient to supportBurglary of a Habitation, reverse Appellant's conviction, and render a judgment acquitting him ofsaid Burglary of a Habitation.

10-05-2015

19.

# CERTIFICATE OF COMPLIANCE

I, Colin D. McFall, Attorney of Record for the above styled Appellant, pursuant to *Rule 9.4(i)(3)*, Texas Rules of Appellate Procedure, hereby certify the number of words within Appellant's Brief attwo thousand, four hundred, thirty seven (2,437).

RESPECTFULLY SUBMITTED,


COLIN D. MCFALL
Attorney at Law
Texas Bar Number:          24027498

513 North Church Street
Palestine, Texas 75801-2962
Telephone:   903-723-1923
Facsimile:   903-723-0269
Email:  cmcfall@mcfall-law-office.com

## CERTIFICATE OF SERVICE

I, Colin D. McFall, Attorney of Record for the above styled Appellant, hereby certify service of a true and correct copy of the above and foregoing document upon Anderson County Assistant Criminal District Attorney Scott Holden, at sholden@co.anderson.tx.us, by email transmission, on the 5th day of October 2015.

RESPECTFULLY SUBMITTED,

COLIN D. MCFALL
Attorney at Law
Texas Bar Number:      24027498

513 North Church Street
Palestine, Texas 75801-2962
Telephone:  903-723-1923
Facsimile:   903-723-0269
Email: cmcfall@mcfall-law-office.com

21.