Armando FLORES, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 03–94–00330–CR.

Court of Appeals of Texas, Austin.

May 17, 1995.

Rehearing Overruled June 21, 1995.

Discretionary Review Refused Oct. 11, 1995.

ANN. art. 35.15(c) (Vernon 1989). Such is the case here.

Paul L. LePak, Belton, [Signed Brief], for appellant.

Arthur Cappy Eads, Dist. Atty., Bell County, James T. Russell [Signed Brief], Administrative Asst., Belton, for State.

Before JONES, KIDD and DAVIS *, JJ.

---

* Before Tom G. Davis, Judge (retired), Court of Criminal Appeals, sitting by assignment. *See* Tex. Gov't Code Ann. § 74.003(b) (West 1988).

**1.** This offense took place before September 1, 1994 and is governed by the law in effect at the time the offense occurred. Penal Code, 63d

DAVIS, Judge (Retired).

In a trial before the court, appellant was found guilty of entering a building and attempting to commit theft. Tex.Penal Code Ann. § 30.02(a)(3) (West 1994)[1]. Punishment was assessed at confinement for ten years, probated. Appellant challenges both the legal and factual sufficiency of the evidence to support the conviction. We will reverse the trial court's judgment.

The evidence is undisputed. Daniel Talasek, owner of the New York Pawn Shop in Temple, was notified by the police around midnight on February 14, 1994, that someone had tried to break into his business. Talasek had closed and locked the business earlier that evening. Temple police officer Timothy Holbrook found that a deadbolt lock had been chiseled out, leaving a hole in the exterior portion of the pawn shop's metal door. A portion of the lock was forced into the building and the metal inside the door had been pried back. The officer was unable to say whether the "tool or any part of any person's body came through the entirety of the door." Appellant was found lying on his side outside the building near the door with a scratched tire tool and a pillowcase under him. Following his arrest, appellant gave a written statement in which he stated that he went to the back door of the pawn shop and "began trying to get the door open, but could not get the door open."

■ A person commits a burglary of a building when that person, without the effective consent of the owner: (1) enters a building (or any portion of a building) not then open to the public, with the intent to commit a felony or theft; (2) remains concealed, with the intent to commit a felony or theft, in a building; or (3) enters a building and commits or attempts to commit a felony or theft. *See id.* § 30.02(a).

The indictment charged that appellant intentionally and knowingly entered "a building not then and there open to the public without

Leg., R.S., ch. 399, sec. 1, § 30.02, 1973 Tex. Gen. Laws 883, 926 (Tex.Penal Code Ann. § 30.02, since amended). Because the code amendments effective September 1, 1994 did not alter section 30.02, we cite the current code for sake of convenience.

the effective consent of Daniel B. Talasek, the owner, and therein attempted to commit and committed theft." It was undisputed at trial that no theft was committed. It therefore became the State's burden to prove that appellant entered the building without the effective consent of the owner and therein "attempted to commit theft."

■■■ While appellant challenges the sufficiency of the evidence to prove both "entry" and "attempt to commit theft," we only find it necessary to consider the latter essential element. Criminal attempt is defined as follows: "A person commits an offense if, with specific intent to commit an offense, he does an act amounting to more than mere preparation that tends but fails to effect the commission of the offense intended." Tex.Penal Code Ann. § 15.01(a) (West 1994). An attempt implies both an intent and an active effort to carry out and consummate the intent or purpose. *Dovalina v. State*, 564 S.W.2d 378, 380 (Tex.Crim.App.1978). "Attempt" is more comprehensive than "intent," implying both a purpose and actual effort to carry that purpose into execution. *Cirul v. State*, 83 Tex.Crim. 8, 200 S.W. 1088, 1089 (1918). In any attempted criminal offense, the sufficiency of the evidence must be determined on a case-by-case basis. *Gibbons v. State*, 634 S.W.2d 700, 707 (Tex.Crim.App. 1982). Conviction for an attempted criminal offense does not require accomplishment of every act short of actual commission of the offense. *Id.* at 706.

■■ The State cites *Moss v. State*, 574 S.W.2d 542 (Tex.Crim.App.1978), for the proposition that it is presumed that an entry made without consent is made with the intent to commit theft. *See id.* at 544. However, the pivotal issue in this cause is not whether appellant entered the building with intent to commit theft, but whether he attempted to commit theft after entering. Prosecution under section 30.02(a)(3) is appropriate when the accused enters without effective consent and, lacking intent to commit any crime upon his entry, subsequently forms that intent and commits or attempts to commit a felony or theft. *See* Seth S. Searcy III & James R. Patterson, *Practice Commentary*, Tex.Penal Code Ann. § 30.02 (West 1989). In *De*

*Vaughn v. State*, 749 S.W.2d 62 (Tex.Crim. App.1988), the court held that "in prosecution for burglary under section 30.02(a)(3) ... alleging the attempt to commit theft and an actual completed theft, the State must, upon request therefor through timely filed written motion to quash the indictment, provide a description of the property allegedly stolen or attempted to be stolen, and also the name of the owner, if known." *Id.* at 71.

The issue in the instant cause is the sufficiency of the evidence rather than the sufficiency of the pleading. Nevertheless, the State must, in spite of appellant's waiver of pleading requirements, prove that after appellant's burglarious entry he attempted to steal property. Therefore, under the holding in *De Vaughn*, in proving the element of attempted theft, the State must prove that appellant had a specific intent to steal a particular article of property and that the accused engaged in an act which amounted to more than mere preparation that tended to accomplish his intent to steal that particular article of property. While appellant's possession of a tire tool and pillowcase furnish probative evidence of intent, we find it insufficient to prove attempt. A much closer question would be presented in the present cause had the prosecution been for burglary with intent to commit theft, section 30.02(a)(1); however appellant was not charged under that part of the statute.

■■ In reviewing the sufficiency of the evidence, we must determine whether after reviewing the evidence in the light most favorable to the State, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Moreno v. State*, 755 S.W.2d 866, 867 (Tex. Crim.App.1988). Viewing the evidence in the light most favorable to the State, we find that a rational trier of fact could not have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Moreno v. State*, 755 S.W.2d 866, 867 (Tex.Crim.App.1988). Viewing the evidence in the light most favorable to the State, we find that a rational trier of

fact could not have found that appellant had a specific intent to steal a particular article of property or that appellant engaged in an act which amounted to more than mere preparation to accomplish his intent to steal a particular article of property. We hold that the evidence is insufficient to prove burglary of a building under section 30.02(a)(3), and appellant must be acquitted.[2] *See Burks v. United States,* 437 U.S. 1, 18, 98 S.Ct. 2141, 2150–51, 57 L.Ed.2d 1 (1978); *Windham v. State,* 638 S.W.2d 486, 487 (Tex.Crim.App.1982).

The judgment is reversed and reformed to reflect an acquittal.

**2.** Our disposition of the legal sufficiency of the evidence to support the conviction dispenses with the necessity of considering appellant's challenge to the factual sufficiency of the evidence to support the conviction.