NUMBER 13-03-613-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG
___________________________________________________________________

KENNETH EUGENE LEAKS,                                                Appellant,

v.

THE STATE OF TEXAS,                                                      Appellee.
___________________________________________________________________

On appeal from the 351st District Court
of Harris County, Texas.
__________________________________________________________________

MEMORANDUM OPINION

Before Chief Justice Valdez and Justices Hinojosa and Rodriguez
Memorandum Opinion by Justice Rodriguez

         Appellant, Kenneth Eugene Leaks, was indicted for burglary of a habitation. See
Tex. Pen. Code Ann. § 30.02(a)(3) (Vernon 2003). The indictment further contained
allegations that appellant was a habitual felony offender. Appellant pleaded "not
guilty." A jury found him guilty of burglary of a habitation as alleged in the indictment,
and appellant stipulated to his prior convictions. In accordance with the jury's
assessment of punishment, the trial court sentenced appellant to fifty years in the
Texas Department of Criminal Justice, Institutional Division. Appellant appeals from
that judgment. Concluding the appeal is frivolous, appellant's attorney filed a brief in
which he presented two potentially arguable issues. Appellant has filed a pro se brief
asserting three points of error. The trial court has certified that this case "is not a
plea-bargain case, and the defendant has the right of appeal." See Tex. R. App. P.
25.2(a)(2). We affirm the trial court's judgment.
         Because all issues of law are settled, our memorandum opinion only advises the
parties of the Court's decision and the basic reasons for it. See id. at 47.4.
I. Anders Brief
A. Compliance with Anders v. California
         Appellant's court-appointed counsel filed a brief in which he has concluded the
appeal is frivolous. Anders v. California, 386 U.S. 738, 744 (1967). Appellant's brief
meets the requirements of Anders. Id. at 744-45; see High v. State, 573 S.W.2d
807, 812 (Tex. Crim. App. [Panel Op.] 1978). In compliance with Anders, counsel
presented a professional evaluation of the record and referred this Court to what, in
his opinion, are the only possible errors in the record that might arguably support an
appeal. See Anders, 386 U.S. at 744; Currie v. State, 516 S.W.2d 684, 684 (Tex.
Crim. App. 1974); see also High, 573 S.W.2d at 812. Counsel certified to this Court
that: (1) he conscientiously reviewed the record and researched the applicable law;
(2) in his opinion, this appeal lacks merit and is frivolous; (3) he set forth all points
which might arguably support an appeal; (4) he forwarded a copy of the brief to
appellant with a letter informing him of the filing of the brief and the motion to
withdraw as counsel; and (5) he informed appellant of his right to access the appellate
record, to file a pro se brief, and the time period within which he must comply. See
Anders, 386 U.S. at 744-45; see also Stafford v. State, 813 S.W.2d 503, 509 (Tex.
Crim. App. 1991); High, 573 S.W.2d at 813.
B. Ineffective Assistance of Counsel
         As directed by Anders, counsel raises ineffective assistance of counsel as a
possible issue for our review. By his first issue, appellant contends counsel was
ineffective when he failed to object to the admission of State's Exhibit 18-A, a
redacted copy of a letter written and mailed to the trial court by appellant wherein he 
admitted hitting the complainant. By a second issue, counsel also raises ineffective
assistance of counsel on the basis that trial counsel was ineffective when he did not
make an offer of proof upon the trial court's exclusion of evidence of the
complainant's prior inconsistent written statement regarding consent for appellant to
be in her residence.
         The United States Supreme Court and the Texas Court of Criminal Appeals have
promulgated a two-prong test to determine whether representation was so inadequate
that it violated a defendant’s sixth amendment right to counsel. See Strickland v.
Washington, 466 U.S. 668, 687 (1984); Hernandez v. State, 726 S.W.2d 53, 54-55
(Tex. Crim. App. 1986); De Pena v. State, 148 S.W.3d 461, 468-69 (Tex.
App.–Corpus Christi 2004, no pet.). To establish ineffective assistance of counsel,
appellant must show: (1) his attorney’s representation fell below an objective standard
of reasonableness; and (2) there is a reasonable probability that, but for his attorney’s
errors, the result of the proceeding would have been different. Strickland, 466 U.S.
at 687; Stone v. State, 17 S.W.3d 348, 349-50 (Tex. App.–Corpus Christi 2000, pet.
ref’d).
         Following the test for determining ineffective assistance of counsel as set forth
in Strickland, we conclude, from a review of the totality of representation, appellant
has not shown how his attorney’s representation fell below an objective standard of
reasonableness and has failed to show that there is a reasonable probability that, but
for his attorney’s errors, the result of the proceeding would have been different. 
Strickland, 466 U.S. at 687. Moreover, in the absence of evidence of counsel’s
reasons for the challenged conduct, we assume there was a strategic motivation for
not objecting to the admission of appellant's redacted letter and for not making an
offer of proof when the court excluded evidence of the complainant's prior
inconsistent statements regarding consent.


 Garcia v. State, 57 S.W.3d 436, 440
(Tex. Crim. App. 2001).
         Based on this analysis, we agree with counsel that the issues presented for our
review are without merit.
II. Pro Se Brief
         Appellant filed a pro se brief and, by three points of error, complains of legal and
factual insufficiency and failure to instruct the jury on the defense of necessity.A. Sufficiency of the Evidence
         By points of error one and two, appellant contends that the evidence was legally
and factually insufficient to establish that he was aware that entering the habitation
was unlawful, and that he intentionally entered without consent. The relevant text of
section 30.02(a) of the penal code provides that "[a] person commits an offense if,
without the effective consent of the owner, he . . . enters a building or habitation and
commits or attempts to commit a felony, theft or an assault." Tex. Pen. Code Ann. §
30.02(a)(3) (Vernon 2003). Citing sections 6.02(a) and 6.03(a) of the penal code,
appellant asserts that the State was required to demonstrate that he was aware he
lacked consent and that it was his conscious objective or desire to engage in the
conduct. See id. §§ 6.02(a) & 6.03(a). Appellant's reliance on sections 6.02 and
6.03 is misplaced.
         The State must simply prove that appellant entered the habitation and that the
entry was without the owner's consent. See Espinoza v. State, 955 S.W.2d 108, 111
(Tex. App.–Waco 1997, pet. ref'd). It must also prove that, after entry into the
habitation, appellant formed an intent to commit, and did commit, a felony, theft or
an assault. Flores v. State, 902 S.W.2d 618, 620 (Tex. App.–Austin 1995, pet.
ref'd) ("Prosecution under section 30.02(a)(3) is appropriate when the accused enters
without effective consent and, lacking intent to commit any crime upon his entry,
subsequently forms that intent and commits or attempts to commit a felony or
theft."). Thus, the State was not required to prove appellant was aware that entering
the habitation was unlawful or that he intentionally entered the habitation knowing he
was doing so without consent. We need not determine then whether there is legally
or factually sufficient evidence to establish that appellant was aware that he was
entering the habitation without the complainant's consent because this is not an
essential element of the crime of burglary under subsection (a)(3). See Tex. Pen. Code
Ann. § 30.02(a)(3) (Vernon 2003).
         Additionally, to the extent appellant is complaining that the evidence is legally
and factually insufficient to prove his entry was without the complainant's effective
consent, we address this issue separately.
         In a legal sufficiency review, this Court must examine the evidence presented
in the light most favorable to the verdict and determine whether any rational trier of
fact could have found the essential elements of the offense present beyond a
reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979); Young v. State,
14 S.W.3d 748, 753 (Tex. Crim. App. 2000). In making this determination, the
reviewing court considers all the evidence admitted that will sustain the conviction,
including improperly admitted evidence. Conner v. State, 67 S.W.3d 192, 197 (Tex.
Crim. App. 2001). Questions concerning the credibility of witnesses and the weight
to be given their testimony are to be resolved by the trier of fact. Mosley v. State,
983 S.W.2d 249, 254 (Tex. Crim. App. 1998).  
         On appeal, we measure the legal sufficiency of the evidence in a jury trial by the
elements of the offense as defined by a hypothetically correct jury charge for the case. 
See Malik v. State, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997); Poindexter v.
State, 115 S.W.3d 295, 298 (Tex. App.–Corpus Christi 2003, pet. denied). This
hypothetically correct jury charge would set out the law, be authorized by the
indictment, not necessarily increase the State's burden of proof or necessarily restrict
the State's theories of liability, and adequately describe the particular offense for
which the defendant was tried. Malik, 953 S.W.2d at 240; see Curry v. State, 30
S.W.3d 394, 404 (Tex. Crim. App. 2000).
         In reviewing the factual sufficiency of the elements of the offense on which the
State carries the burden of proof, we impartially examine all of the evidence and set
aside the verdict only if “proof of guilt is so obviously weak as to undermine
confidence in the jury’s determination, or the proof of guilt, although adequate if taken
alone, is greatly outweighed by the contrary proof.” Swearingen v. State, 101 S.W.3d
89, 97 (Tex. Crim. App. 2003) (citing Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim.
App. 2000)). We are not bound to view the evidence in the light most favorable to
the verdict, and may consider the testimony of all the witnesses. Johnson, 23 S.W.3d
at 10-12. In our factual sufficiency review, we are again required to accord due
deference to the jury's determinations on the weight and credibility of the evidence
and may not merely substitute our own judgment. Swearingen, 101 S.W.3d at 97;
Johnson, 23 S.W.3d at 7; Mosley, 983 S.W.2d at 254. We also measure the factual
sufficiency of the evidence by the elements of the offense as defined by a
hypothetically correct jury charge for the case. See Adi v. State, 94 S.W.3d 124, 131
(Tex. App.–Corpus Christi 2002, pet. ref'd).
         In regard to this sufficiency challenge, appellant appears to be arguing that there
is insufficient evidence to support the jury's finding that, without consent of the
owner, he entered the habitation. He argues that the evidence demonstrates that he
was considered a member of the household with authority to act for the owner and
that apparent consent was established because (1) he had been involved with the
complainant on and off for approximately six years; (2) they had lived together in the
past and he continued to occasionally spend the night at her residence; (3) and
appellant had developed an "uncle-like" relationship with complainant's children and
had authority to discipline them.
         Effective consent is defined as assent in fact, whether express or apparent, and
includes consent by a person legally authorized to act for the owner. Tex. Pen. Code
Ann. § 1.07(a)(11), (19) (Vernon Supp. 2004-2005). Here, the complainant testified
she and appellant had an "off and on" relationship for approximately six years. 
Occasionally during that period they lived together at her apartment. In early 2002
appellant moved out. He was not living there on July 19, 2002, the date of the
incident, although they had continued dating after he moved out of the apartment. 
Although appellant testified he unlocked the door before entering the residence, the
complainant stated that appellant did not have a key to the apartment and that she had
changed the locks on the doors the day he left. The complainant asserted appellant
did not have her consent to enter her apartment and, had he knocked on her door, she
would not have let him in on that day. On cross examination, the complainant
acknowledged appellant had some of his property at her residence and that a
statement she had signed contained the assertion that "on the date of this incident she
considered her residence to be his residence" and that on the date of the incident he
did have permission to enter her residence. She further stated that she signed it under
pressure, and it was not true, "a lot of things on the paper is [sic] not true."
         Reviewing the evidence in the light most favorable to the verdict, see Jackson,
443 U.S. at 319, we conclude that the jury, acting as a rational trier of facts, could
have found beyond a reasonable doubt that appellant entered complainant's habitation
without her effective consent. See Tex. Pen. Code Ann. § 30.02 (Vernon 2003). 
Thus, the evidence is legally sufficient to support appellant’s conviction. Moreover,
after reviewing all the evidence, we conclude that the proof of guilt is not so obviously
weak as to undermine confidence in the jury’s determination nor is the proof of guilt
greatly outweighed by contrary evidence. See Swearingen, 101 S.W.3d at 97. Thus,
we conclude the evidence is also factually sufficient to support appellant’s conviction. 
Accordingly, appellant’s first and second points are overruled.
B. Jury Instruction on Defense of Necessity
         By appellant's third point of error, appellant contends the trial court committed
harmful error when it failed to instruct the jury on the defense of necessity. See id.
§ 9.22. However, to raise the defense of necessity, a defendant must admit to the
offense and then offer necessity as a justification. Young v. State, 991 S.W.2d 835,
838-39 (Tex. Crim. App. 1999); Withers v. State, 994 S.W.2d 742, 745 (Tex.
App.–Corpus Christi 1999, pet. ref'd). In this case, appellant argued he did not
commit the offense because he had apparent or implied consent to enter the
apartment. Moreover, although appellant testified that he pushed the complainant out
of the way, he also testified that when he entered the residence an unknown male was
hitting her. Because appellant did not admit to the conduct underlying the offense, he
cannot raise a justification defense. Therefore, the necessity defense was never
raised, and appellant was not entitled to a jury instruction on the defense of necessity. 
We overrule appellant's third point of error.
III. Independent Review of Record
         The Supreme Court advised appellate courts that upon receiving a “frivolous
appeal” brief, they must conduct “a full examination of all the proceeding[s] to decide
whether the case is wholly frivolous.” Penson v. Ohio, 488 U.S. 75, 80 (1988); see
Ybarra v. State, 93 S.W.3d 922, 926 (Tex. App.–Corpus Christi 2003, no pet.). 
Accordingly, we have carefully reviewed the record and have found nothing that would
arguably support an appeal. See Stafford, 813 S.W.2d at 509. We agree with
counsel that the appeal is wholly frivolous and conclude the appeal is without merit.
IV. Conclusion
         The judgment of the trial court is affirmed. Additionally, in accordance with
Anders, appellant's attorney has asked permission to withdraw as counsel for
appellant. See Anders, 386 U.S. at 744. We grant counsel's motion to withdraw. 
We order counsel to notify appellant of the disposition of this appeal and of the
availability of discretionary review. See Ex parte Wilson, 956 S.W.2d 25, 27 (Tex.
Crim. App. 1997) (per curiam).
                                                                                                
                                                                        NELDA V. RODRIGUEZ
                                                                        Justice

Do not publish.
Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and 
filed this 24th day of March, 2005.