NO. 07-05-0202-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



NOVEMBER 30, 2005


______________________________



GILBERT LEIJA, JR., 



 Appellant


v.



THE STATE OF TEXAS, 



 Appellee

_________________________________



FROM THE 46TH DISTRICT COURT OF WILBARGER COUNTY;



NO. 10,611; HON. TOM NEELY, PRESIDING


_______________________________



Memorandum Opinion


_______________________________



Before QUINN, C.J., and REAVIS and HANCOCK, JJ.

 Gilbert Leija, Jr. appeals his conviction for burglary of a habitation. Through three
issues, he challenges 1) the legal and factual sufficiency of the evidence underlying the
conviction and 2) the trial court's refusal to permit him to cross-examine the victim about
a pending criminal investigation into an act performed by her. We affirm the judgment of
the trial court.

 

Issues One and Two - Sufficiency of the Evidence


 In his first two issues, appellant argues that there was no evidence that he
committed theft and insufficient evidence that he attempted to commit theft. We overrule
the issues.

 The standards by which we review the legal and factual sufficiency of the evidence
are well established. We refer the parties to Jackson v. Virginia, 443 U.S. 307, 99 S.Ct.
2781, 61 L.Ed.2d 560 (1979), Zuniga v. State, 144 S.W.3d 477 (Tex. Crim. App. 2004),
Zuliani v. State, 97 S.W.3d 589 (Tex. Crim. App. 2003), and King v. State, 29 S.W.3d 556
(Tex. Crim. App. 2000) for an explanation of them. 

 Appellant was charged with intentionally or knowingly entering a habitation without
the consent of the owner and attempting to commit or committing theft of a television. See
Tex. Pen. Code Ann. §30.02(a)(3) (Vernon 2003) (stating that a person commits a burglary
if without the effective consent of the owner, the person enters a habitation and commits
or attempts to commit a felony, theft, or an assault). The evidence here shows that
Cynthia Nail and her two small children were in the backyard of the residence she and her
husband were renting. Upon re-entering the abode, she observed appellant suddenly
appear from behind a hutch near their entertainment center. He had not been invited into
the house. Furthermore, appellant asked Nail for money and for something to drink. She
gave him two dollars and a Coke, and he left. Once he was gone, Nail discovered that the
television, DVD player, and VCR were unplugged from their electrical source. 

 Approximately 30 to 40 minutes earlier, Nail and her children had been inside the
house with the television on. When the group decided to play outside, they turned the
television off but left it plugged into its electrical source. 

 Appellant contradicted Nail's story by saying she granted him permission to enter
the house after he knocked on the door. Then, he allegedly asked her if he could use her
telephone because he had run out of gas and left after receiving a soft drink. Appellant
also claims that nothing was taken from the residence and the only evidence that he
attempted to commit theft was the allegation that the universal plug to which the three
appliances were attached had been unplugged. He further mentions the discrepancy
about whether the appliances were removed from the universal plug or whether the
universal plug itself was removed from the wall socket, and asserts that it is so pivotal that
it negates the validity of the conviction. 

 Despite the apparent conflicts in testimony, evidence nonetheless exists illustrating
that 1) the appliances had been unplugged either directly or indirectly from the wall
electrical socket while the family was outside, 2) appellant was discovered inside the home
and by the appliances, 3) appellant had not been invited into the home, 4) appellant was
in need of money, 5) appellant used cocaine, and 6) appellant had previously been
convicted of stealing a VCR. 

 When an accused is charged under §30.02(a)(3) of the Penal Code, the State need
only show that the defendant intentionally or knowingly entered a habitation without the
owner's consent and attempted to commit a theft. DeVaughn v. State, 749 S.W.2d 62, 65
(Tex. Crim. App. 1988); Espinoza v. State, 955 S.W.2d 108, 111 (Tex. App.-Waco 1997,
pet. ref'd); Flores v. State, 902 S.W.2d 618 (Tex. App.-Austin 1995, pet. ref'd). 
Furthermore, a criminal offense may be proved by circumstantial evidence. Roberson v.
State, 16 S.W.3d 156, 164 (Tex. App.-Austin 2000, pet. ref'd). That 1) appellant was in
the home uninvited, 2) he appeared from behind a hutch near the entertainment center,
3) the appliances had been plugged in 30 to 40 minutes earlier and were found unplugged
after appellant left the home, 4) a police officer also observed the appliances to be
unplugged, and 5) there was no evidence that anyone else had been in the house is some
evidence upon which a rational jury could conclude beyond reasonable doubt that
appellant burglarized the habitation as charged. Furthermore, the inconsistency about
whether the appliances were disconnected from the multi-socketed electrical cord or
whether the latter alone was unplugged from the wall simply created issues regarding the
credibility of the witnesses. It, however, did not negate the evidence that the appliances
had been somehow disconnected from their electrical source, and that such was necessary
before they could be removed from the abode. Thus, the evidence was and is both legally
and factually sufficient to support the conviction. 

Issue Three - Impeachment


 Via his third issue, appellant questions the trial court's refusal to allow him to cross-examine Nail about a criminal investigation into her purported effort to acquire property
through the use of another's name. We overrule the issue.

 The evidence of record illustrates that Nail had not been convicted of the supposed
offense or any felony or crime of moral turpitude. This is determinative. One may not
delve into specific instances of conduct in effort to attack a witness' credibility, Tex. R. Evid.
608(b), unless the instances resulted in a felony conviction or a conviction for a crime of
moral turpitude. Tex. R. Evid. 609(a). Since Nail had not been so convicted, the trial court
did not abuse its discretion in excluding the evidence.

 

 Having overruled each issue, we affirm the trial court's judgment.


 Brian Quinn

 Chief Justice

Do not publish. 

 

 

 



its favor.


Analysis

 None of the relevant facts in this case are in dispute. The issue in this case is not
whether TxDOT proved that it requested a BRC within 10 days of its receipt of TWCC's
determination of Cruse's entitlement to first quarter SIBs and Cruse's applications for
second through thirteenth quarter SIBs. Neither party disputes that TxDOT requested a
BRC within 10 days of its receipt of these documents. (4) The issue in the present case is
whether a request for a BRC that was filed within 10 days of receipt of multiple applications
for SIBs was required to expressly identify the quarters being disputed to avoid waiver of
the right to contest entitlement. See Labor Code § 408.147(b).

 Labor Code § 408.147(b) requires a carrier to "make a request for a [BRC] within
10 days after" receipt of the claimant's application for SIBs. The statute does not limit what
issues can be addressed at the resulting BRC nor does it impose any requirement that
issues must be clearly identified in the request in order to be addressed at the BRC, such
as is required in a pleading. By its plain language, Labor Code § 408.147(b) requires only
that a carrier request a BRC within 10 days of receipt of the applications to avoid waiver
of its right to contest entitlement. See also Appeals Panel Decision 980106, 1998 WL
133283, at *3 (Tex. Workers' Comp. Comm'n 1998) (concluding that Labor Code §
408.147(b) requires only a timely request for BRC and does not require carrier to state
grounds for its action). Further, had the legislature intended to limit a carrier's dispute of
SIBs eligibility to those issues expressly identified on its request for BRC, it could have
done so in the same manner that it did in Labor Code § 409.022. See Labor Code §
409.022. As there is no dispute regarding whether TxDOT filed a request for BRC
contesting Cruse's entitlement to SIBs within 10 days of receipt of TWCC's determination
of entitlement to first quarter SIBs and Cruse's applications for second through thirteenth
quarter SIBs, we affirm the trial court's determination that TxDOT did not waive its right to
contest Cruse's eligibility under Labor Code § 408.147(b) and the summary judgment it
granted TxDOT on this basis. 

 Both TxDOT, in its motion for summary judgment, and Cruse, in his appellate brief,
argue TxDOT's compliance with TWCC Rule 141.1 and various Appeals Panel decisions. 
We do not address these issues because TWCC Rules and Appeals Panel decisions can
not require more than what is required under Labor Code § 408.147. This is so because
an administrative agency's rule may not impose additional burdens, conditions, or
restrictions in excess of what is required under the relevant statute. See Milner v. City of
Leander, 64 S.W.3d 33, 42 (Tex.App.-Austin 2000, no pet.). Thus, we conclude that our
construction of Labor Code § 408.147(b) is determinative of this appeal. See Tex. R. App.
P. 47.1.

Conclusion

 We conclude that TxDOT's request for BRC in this case was sufficient to avoid
waiver of its right to contest Cruse's entitlement to all thirteen quarters of SIBs. Therefore,
we affirm the summary judgment of the trial court.


 Mackey K. Hancock

 Justice







1. Because the initial notice of appeal was filed before a final judgment was entered,
this court dismissed a prior appeal for lack of jurisdiction. See Cruse v. Tex. Dep't of
Transp., No. 07-05-0184-CV, 2005 Tex.App. LEXIS 4680 (Tex.App.-Amarillo June 16,
2005, no pet.). The current appeal is from a final judgment entered July 5, 2005.
2. Further reference to provisions of the Texas Labor Code will be by reference to
"Labor Code § ___."
3. Further reference to provisions of the Texas Administrative Code will all refer to
volume 28 and will be by reference to "TWCC Rule ___."
4. Cruse incorrectly argues that TxDOT filed its request for BRC on January 12, 2004. 
However, we view this argument as a mistake rather than a factual dispute since the
uncontroverted evidence conclusively establishes that the request was filed on January 21,
2004. Our conclusion that this contention is based on a mistake is bolstered by Cruse's
indication in the statement of facts in his brief that the TWCC's determination regarding
Cruse's first quarter entitlement and the applications for the second through thirteenth
quarters were received by TxDOT on January 12, 2004 and that TxDOT's request for BRC
was filed on January 21, 2004. Further, the request is dated January 21, 2004 and the
affidavit of Virginia Wier, TxDOT's claims handler for Cruse's claim, attest that the request
was filed on January 21, 2004.