NO. 07-05-0202-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

NOVEMBER 30, 2005
_____

GILBERT LEIJA, JR.,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 46TH DISTRICT COURT OF WILBARGER COUNTY;

NO. 10,611; HON. TOM NEELY, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and REAVIS and HANCOCK, JJ.

Gilbert Leija, Jr. appeals his conviction for burglary of a habitation. Through three issues, he challenges 1) the legal and factual sufficiency of the evidence underlying the conviction and 2) the trial court's refusal to permit him to cross-examine the victim about a pending criminal investigation into an act performed by her. We affirm the judgment of the trial court.

***Issues One and Two - Sufficiency of the Evidence***

In his first two issues, appellant argues that there was no evidence that he committed theft and insufficient evidence that he attempted to commit theft. We overrule the issues.

The standards by which we review the legal and factual sufficiency of the evidence are well established. We refer the parties to *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), *Zuniga v. State,* 144 S.W.3d 477 (Tex. Crim. App. 2004), *Zuliani v. State,* 97 S.W.3d 589 (Tex. Crim. App. 2003), and *King v. State,* 29 S.W.3d 556 (Tex. Crim. App. 2000) for an explanation of them.

Appellant was charged with intentionally or knowingly entering a habitation without the consent of the owner and attempting to commit or committing theft of a television. *See* TEX. PEN. CODE ANN. §30.02(a)(3) (Vernon 2003) (stating that a person commits a burglary if without the effective consent of the owner, the person enters a habitation and commits or attempts to commit a felony, theft, or an assault). The evidence here shows that Cynthia Nail and her two small children were in the backyard of the residence she and her husband were renting. Upon re-entering the abode, she observed appellant suddenly appear from behind a hutch near their entertainment center. He had not been invited into the house. Furthermore, appellant asked Nail for money and for something to drink. She gave him two dollars and a Coke, and he left. Once he was gone, Nail discovered that the television, DVD player, and VCR were unplugged from their electrical source.

2

Approximately 30 to 40 minutes earlier, Nail and her children had been inside the house with the television on. When the group decided to play outside, they turned the television off but left it plugged into its electrical source.

Appellant contradicted Nail's story by saying she granted him permission to enter the house after he knocked on the door. Then, he allegedly asked her if he could use her telephone because he had run out of gas and left after receiving a soft drink. Appellant also claims that nothing was taken from the residence and the only evidence that he attempted to commit theft was the allegation that the universal plug to which the three appliances were attached had been unplugged. He further mentions the discrepancy about whether the appliances were removed from the universal plug or whether the universal plug itself was removed from the wall socket, and asserts that it is so pivotal that it negates the validity of the conviction.

Despite the apparent conflicts in testimony, evidence nonetheless exists illustrating that 1) the appliances had been unplugged either directly or indirectly from the wall electrical socket while the family was outside, 2) appellant was discovered inside the home and by the appliances, 3) appellant had not been invited into the home, 4) appellant was in need of money, 5) appellant used cocaine, and 6) appellant had previously been convicted of stealing a VCR.

When an accused is charged under §30.02(a)(3) of the Penal Code, the State need only show that the defendant intentionally or knowingly entered a habitation without the owner's consent and attempted to commit a theft. *DeVaughn v. State,* 749 S.W.2d 62, 65 (Tex. Crim. App. 1988); *Espinoza v. State,* 955 S.W.2d 108, 111 (Tex. App.–Waco 1997, pet. ref'd); *Flores v. State,* 902 S.W.2d 618 (Tex. App.–Austin 1995, pet. ref'd).

3

Furthermore, a criminal offense may be proved by circumstantial evidence. *Roberson v. State,* 16 S.W.3d 156, 164 (Tex. App.–Austin 2000, pet. ref'd). That 1) appellant was in the home uninvited, 2) he appeared from behind a hutch near the entertainment center, 3) the appliances had been plugged in 30 to 40 minutes earlier and were found unplugged after appellant left the home, 4) a police officer also observed the appliances to be unplugged, and 5) there was no evidence that anyone else had been in the house is some evidence upon which a rational jury could conclude beyond reasonable doubt that appellant burglarized the habitation as charged. Furthermore, the inconsistency about whether the appliances were disconnected from the multi-socketed electrical cord or whether the latter alone was unplugged from the wall simply created issues regarding the credibility of the witnesses. It, however, did not negate the evidence that the appliances had been somehow disconnected from their electrical source, and that such was necessary before they could be removed from the abode. Thus, the evidence was and is both legally and factually sufficient to support the conviction.

### Issue Three - Impeachment

Via his third issue, appellant questions the trial court's refusal to allow him to cross-examine Nail about a criminal investigation into her purported effort to acquire property through the use of another's name. We overrule the issue.

The evidence of record illustrates that Nail had not been convicted of the supposed offense or any felony or crime of moral turpitude. This is determinative. One may not delve into specific instances of conduct in effort to attack a witness' credibility, TEX. R. EVID. 608(b), unless the instances resulted in a felony conviction or a conviction for a crime of

4

moral turpitude.  TEX. R. EVID. 609(a).  Since Nail had not been so convicted, the trial court did not abuse its discretion in excluding the evidence.

Having overruled each issue, we affirm the trial court's judgment.

Brian Quinn
Chief Justice

Do not publish.