COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.  2-05-422-CR

 

 

 

RODGER LOU GRISSAM                                                       APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

 

                                              ------------

 

              FROM
THE 355TH DISTRICT COURT OF HOOD COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

Appellant Rodger Lou Grissam
challenges the legal and factual sufficiency of the evidence to support his
conviction for burglary of a habitation. 
We reform the trial court=s judgment to reflect a conviction for the lesser included offense of
criminal trespass and remand for a new trial on punishment.








                                             Indictment

In two paragraphs, the
indictment charges Appellant with burglary of a habitation by two alternate
means, (1) entering a habitation with intent to commit theft and (2)
entering a habitation and committing or attempting to commit theft:

[O]n
or about the 27th day of August, 2004, and before the presentment of the
indictment, in Hood County, Texas, RODGER LOU GRISSAM, Defendant, did then and
there intentionally, without the effective consent of Ashley Carey, the owner
thereof, enter a habitation with intent to commit theft,

 

Paragraph Two: and it is further presented in and
to said Court that the said RODGER LOU GRISSAM, Defendant, in the County of
Hood and State aforesaid, on or about the 27th day of August, 2004, did then
and there intentionally or knowingly, without the effective consent of Ashley
Carey, the owner thereof, enter a habitation and did attempt to commit or
commit theft. [Emphasis added.] 

 

See Tex. Penal Code Ann. ' 30.02(a)(1), (3) (Vernon 2003) (setting out elements of burglary of a
habitation as charged in the indictment).

                                              Evidence








Ashley Carey Greer was the
State=s main witness at trial.  She
testified that she was alone in the home she shared with her parents one day
when she heard someone knocking at the back door.  Greer looked through the door=s peephole and saw two men whom she did not recognize standing at the
door and a car parked in the residence=s carport where it could not be seen from the road.  Greer testified that she did not speak or
otherwise alert the men to her presence because she did not know them.  She said that as she watched though the
peephole, the men knocked on the door a few more times and then wiped their
fingerprints from the metal screen door. 
The men then jiggled the door knob and opened the door, which was not
locked.  Greer testified that she
crouched behind the door as it opened. 
Both men entered the house.  One
man, who was carrying a flashlight, walked into another room of the house,
while the other man, whom Greer identified as Appellant, stood at the
door.  Greer testified that the other man
told Appellant to tell someone who was waiting in the car to honk if they saw
anyone coming and that the men would leave through the front door, and
Appellant shouted these instructions to whoever was waiting in the car.   

Greer said Appellant
eventually closed the door; when he did so, she stood up to confront him.  Appellant was startled and said he was
looking for his friend AJohn.@  The other man came back into
the room and said that he was looking for his mother.  The men then left through the same door, got
into the car, and drove away.  Greer
testified that she saw two women in the car with the men.  She wrote down the car=s license plate number, locked herself in the bathroom, and telephoned
her father. 








Greer=s father, Rick Carey, testified that Greer called him and said someone
had tried to break into their home. 
Carey immediately called 911. 

Hood County Deputy Sheriff
Clint Pullin testified that he responded to Carey=s 911 call.  Greer gave him the
car=s license plate number, and a sheriff=s dispatcher looked up the corresponding address record.  Deputy Pullin went to that address and found
the car.  

Hood County Sheriff=s Investigator Larry Goin testified that he was dispatched to the car=s location, where another law enforcement officer had already taken
Appellant, another man, and two women into custody. Investigator Goin arrested
Appellant, took him to the Hood County Law Enforcement Center, and interviewed
him.  Appellant gave a written statement
in which Appellant said that he, his friend, Joey LeFebvre, his wife, and
LeFebvre=s girlfriend went to a house looking for AJohn@ and
LeFebvre=s mother; LeFebvre knocked on the door and then went inside as he
called, AMom, mom@; a lady
stood up from behind the door and said, ANo John lives here@; and Appellant called to LeFebvre, who remarked as they left, AWe must have the wrong house.@  On cross-examination,
Investigator Goin testified that LeFebvre had already been convicted for
burglary in connection with the same incident. 

 








                                            Jury Charge

As we noted above, the
indictment alleged two means of committing burglary of a habitation, (1)
entering with intent to commit theft and (2) entering and committing
or attempting to commit theft.  But
the jury charge recites one means in the abstract portion and the other means
in the application portion.  In the
abstract portion of the charge, the trial court instructed the jury on entering
with intent to commit theft:

Our
law provides that a person commits the offense of burglary if, without the
effective consent of the owner, he enters a habitation with intent to commit
theft. [Emphasis added.] 

 

The abstract portion did not instruct the jury on
entering and committing or attempting to commit theft.

The situation is reversed in
the application portion of the charge. 
There, the trial court instructed the jury on entering and committing or
attempting to commit theft but not entering with intent to commit theft:

Now
if you find from the evidence beyond a reasonable doubt that Defendant, RODGER
LOU GRISSAM, in Hood County, Texas, on or about the 27th day of August, 2004,
either acting alone or with Joseph LeFebvre as a party to the offense herein
before defined, did then and there intentionally or knowingly, without the
effective consent of Ashley Carey, the owner thereof, enter a habitation and
did attempt to commit or commit theft, then you will find the defendant guilty
of the offense of Burglary of a Habitation as alleged in the indictment.

 








Unless you so find from the evidence beyond a
reasonable doubt, or if you have a reasonable doubt thereof, you will find the
defendant not guilty, and next consider whether he is guilty of the lesser
offense of criminal trespass. 

 

The charge goes on to instruct the jury on
criminal trespass.  The jury convicted
Appellant of burglary of a habitation and assessed punishment of twelve years= imprisonment. 

                                        Appellant=s Points

In two points, Appellant
argues that the evidence is legally and factually insufficient to support his
conviction for burglary of a habitation.

                                      Standards
of Review

When reviewing the legal
sufficiency of the evidence to support a conviction, we view all the evidence
in the light most favorable to the verdict in order to determine whether any
rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt.  Jackson v.
Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Hampton v.
State, 165 S.W.3d 691, 693 (Tex. Crim. App. 2005).  When a court of appeals concludes that
evidence is legally insufficient to support a conviction, it may reform the
judgment to reflect conviction of a lesser included offense if the evidence is
sufficient to support conviction for the lesser included offense.  Collier v. State, 999 S.W.2d 779, 782
(Tex. Crim. App. 1999).








When reviewing the factual
sufficiency of the evidence to support a conviction, we view all the evidence
in a neutral light, favoring neither party. 
Watson v. State, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006); Drichas
v. State, 175 S.W.3d 795, 799 (Tex. Crim. App. 2005).  We then ask whether the evidence supporting
the conviction, although legally sufficient, is nevertheless so weak that the
fact-finder=s
determination is clearly wrong and manifestly unjust or whether conflicting
evidence so greatly outweighs the evidence supporting the conviction that the
fact-finder=s
determination is manifestly unjust.  Watson,
204 S.W.3d at 414-15, 417; Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim.
App. 2000).  

                                    Abstract
or Application?

Before we weigh the
sufficiency of the evidence, we must decide whether to measure sufficiency
against the means alleged in the abstract portion of the chargeCentering with intent to commit theftCor the means alleged in the application portionCentering and committing or attempting to commit theftCor both.








A jury charge should contain
both an abstract portion and an application portion.  Riley v. State, 830 S.W.2d 584, 586‑87
(Tex. Crim. App. 1992); Tex. Code Crim.
Proc. Ann. art. 36.14 (Vernon 2007). 
The abstract or definitional paragraphs serve as a kind of glossary to
help the jury understand the meaning of concepts and terms used in the
application paragraphs of the charge.  Caldwell
v. State, 971 S.W.2d 663, 667 (Tex. App.CDallas 1998, pet. ref=d).  The application paragraph
of a jury charge is that which authorizes conviction, and an abstract charge on
a theory of law which is not applied to the facts is insufficient to bring that
theory before the jury.  McFarland v.
State, 928 S.W.2d 482, 515 (Tex. Crim. App. 1996), cert. denied, 519
U.S. 1119 (1997); Campbell v. State, 910 S.W.2d 475, 477 (Tex. Crim.
App. 1995), cert. denied, 517 U.S. 1140 (1996).  In the absence of an application paragraph
incorporating a theory recited in the abstract portion, a jury is not
authorized to convict on that theory.  Mallard
v. State, 162 S.W.3d 325, 334 (Tex. App.CFort Worth 2005, pet. ref=d) (citing Hughes v. State, 897 S.W.2d 285, 297 (Tex. Crim.
App. 1994), cert. denied, 514 U.S. 1112 (1995)).








In Malik v. State, the
court of criminal appeals held that the sufficiency of the evidence should be
measured by the elements of the offense as defined by the hypothetically
correct jury charge for the case.  953
S.W.2d 234, 240 (Tex. Crim. App. 1997). 
But in the same opinion, the court also recognized that Adue process prevents an appellate court from affirming a conviction
based upon legal and factual grounds that were not submitted to the jury.@  Id. at 238 n.3 (citing McCormick
v. United States, 500 U.S. 257, 269‑70 & n.8, 111 S. Ct. 1807,
1814‑15 & n.8 (1991); Dunn v. United States, 442 U.S. 100,
106, 99 S. Ct. 2190, 2194 (1979)).  Thus,
even under Malik=s Ahypothetically correct jury charge@ standard, sufficiency cannot be measured against a theory that was
not submitted to the jury. 

Here, although the abstract
portion of the charge instructed the jury on the Aentering with intent to commit theft@ means of committing burglary, the application portion did not
incorporate that theory.  Thus, the jury
was not authorized to convict Appellant of burglary under that theory.  See Mallard, 162 S.W.3d at
333.  We must, therefore, weigh the
sufficiency of the evidence against the theory of burglary that was
incorporated into the application portion of the charge, entering a habitation
and committing or attempting to commit theft.

               Sufficiency: Committing or
Attempting to Commit Theft

A person commits the offense
of theft Aif he
unlawfully appropriates property with intent to deprive the owner of [the]
property.@  Tex.
Penal Code Ann. ' 31.03(a)
(Vernon Supp. 2006).  A person attempts
to commit an offense if, with specific intent to commit an offense, he does an
act amounting to more than mere preparation that tends but fails to effect the
commission of the offense intended.  Id.
' 15.01(a) (Vernon 2003).








In this case, while there is
ample evidence that Appellant entered a habitation without the owner=s consent, there is no evidence that he committed or attempted to
commit theft.  There is no evidence that
he removed, attempted to remove, or even touched any of the possessions in
Carey=s home.  Carey=s testimony that LeFebvre had a flashlight does not establish
attempted theft.  See Flores v.
State, 902 S.W.2d 618, 620 (Tex. App.CAustin 1995, pet. ref=d) (holding defendant=s possession of tire tool and pillowcase during alleged burglary
insufficient to prove attempted theft). 
This would be a closer case if the court had charged the jury on Aentering with intent to commit theft,@ but on the record before us, we hold that the evidence is legally
insufficient to support a guilty verdict on the theory submitted to the jury,
burglary of a habitation by entering and committing or attempting to commit
theft.  We therefore sustain Appellant=s first issue and do not reach his second issue, which challenges the
factual sufficiency of the evidence.

                                Sufficiency:
Criminal Trespass

Having determined that the
evidence is legally insufficient to support the jury=s verdict for the offense of burglary, we now consider whether the
evidence is sufficient to support conviction for the lesser included offense of
criminal trespass.  See Collier,
999 S.W.2d at 782.








A person commits the offense
of criminal trespass if he enters or remains in a building without effective
consent and he had notice that entry was forbidden or received notice to depart
but failed to do so.  Tex. Penal Code Ann. ' 30.05(a)
(Vernon Supp. 2006).  A house
automatically gives sufficient notice that entry is forbidden because it is an
enclosure obviously designed to exclude intruders.  See Moreno v. State, 702 S.W.2d 636,
640 n.7 (Tex. Crim. App. 1986); Jackson v. State, 3 S.W.3d 58, 62 (Tex.
App.CDallas 1999, no pet.).  The
culpable mental state for the offense is knowingly or intentionally.  See West v. State, 567 S.W.2d 515, 516
(Tex. Crim. App. [Panel Op.] 1978) (holding that when the statute governing
criminal trespass does not prescribe a culpable mental state, a culpable mental
state of intentionally or knowingly is used).

Greer=s testimony established that Appellant entered a house without
effective consent when he had notice that entry was forbidden.  A reasonable factfinder could conclude that
Appellant committed the trespass knowingly or intentionally, despite his
written statement that he and LeFebvre were looking for AJohn@ or LeFebvre=s mother.  Considering the
evidence under the standards of review set forth above, we hold that it is
legally and factually sufficient to support a conviction for criminal trespass.

                                             Conclusion








Having held that the evidence
is insufficient to convict Appellant of burglary of a habitation but sufficient
to convict him of criminal trespass, we reform the trial court=s judgment to reflect a conviction for criminal trespass, reverse the
trial court=s judgment
on punishment, and remand the case to the trial court for a new trial on
punishment only.  See Tex. R. App. P. 43.2(b), (d).

 

ANNE GARDNER

JUSTICE

 

PANEL B:   DAUPHINOT, GARDNER, and MCCOY, JJ.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:
August 24, 2007











[1]See Tex. R. App. P. 47.4.